**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eva Forney, | No. CV-25-03323-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Outback Steakhouse of Florida LLC, *et al.*, | |
| Defendants. | |

At issue is Defendant Outback Steakhouse of Florida, LLC's Notice of Removal (Doc. 1, Not.). The Court has reviewed the Notice and finds that Defendant Outback has not sufficiently alleged that the Court has subject matter jurisdiction over this matter. The Court will therefore remand this matter to state court.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal, including the Court's subject matter jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Here, Defendant has asserted diversity jurisdiction as the basis for removal. (Not. ¶ 11.) Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). As the Court has stated in numerous previous Orders based on a 2006 decision

of the Ninth Circuit Court of Appeals, for the purpose of determining diversity of citizenship, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Relatedly, if the owners/members of an LLC are other LLCs, the citizenship of the LLC is every state of which the owners/members of the owner/member LLCs are citizens.

According to the Notice, Defendant is a Florida LLC owned by a Delaware LLC. (Not. ¶ 6.) And yet, for the purpose of alleging diversity of citizenship, Defendant alleges that it is a "Florida citizen." (*Id.*) Defendant Outback sets forth no facts establishing the citizenship of the owners or members of the Delaware LLC. Therefore, Defendant Outback's allegation that there exists complete diversity of citizenship is legally incorrect and insufficient to demonstrate the Court's subject matter jurisdiction over this case.

Further, all defendants who have been properly served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Here, Plaintiff sued and served General Casualty Company of Wisconsin and MDC Coast 4, LLC in addition to Defendant Outback. (Not. at 15–16.) It is not clear from the Notice whether Defendant Outback removes this matter on behalf or with consent of these other defendants. Accordingly, the Court will remand this case to state court. 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** directing the Clerk of Court to remand this case to Maricopa County Superior Court.

Dated this 26th day of September, 2025.

Honorable John J. Tuchi
United States District Judge